**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY BENDER,

    Plaintiff,

v.

NATIONAL SEMICONDUCTOR CORPORATION,

    Defendant.

No. C 09-01151 JSW

**ORDER GRANTING, IN PART, MOTION TO DISMISS, QUASHING ATTEMPTED SERVICE, AND GRANTING AN EXTENSION OF TIME FOR SERVICE**

**INTRODUCTION**

Now before the Court for consideration is the Motion to Dismiss filed by Defendant National Semiconductor Corporation ("National Semiconductor"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument, vacates the hearing set for September 11, 2009, and GRANTS, IN PART, the motion to dismiss. *See* N.D. Civ. L-R 7-1(b).

**BACKGROUND**

On March 16, 2009, Plaintiff Gregory Bender ("Bender") filed the original complaint in this action, in which he alleges that National Semiconductor infringed United States Patent No. 5,103,188, entitled "Buffered Transconductance Amplifier," ("the '188 Patent"). On May 14, 2009, Bender filed an Amended Complaint, in which he added further details regarding the alleged acts of infringement. (*Compare* Compl. ¶ 8 *with* Am. Compl. ¶ 8.)

On July 20, 2009, the Court issued an Order to Show Cause directing Bender to show

1  cause why the case should not be dismissed, because no proof of service had been filed, and
2  because 120 days had passed since Bender had filed the original complaint. (Docket No. 7.)
3  On July 24, 2009, in response to the Order to Show Cause, Bender filed a proof of service. His
4  process server, Steven H. Kuhn, declared under penalty of perjury that he had personally served
5  National Semiconductor on July 13, 2009 by delivering a copy of the Amended Complaint and
6  Summons to "an Officer of National Semiconductor Corporation (namely, Todd DuChene, Esq.,
7  Senior Vice President and General Counsel, via his delegate Fran Macanallen, who expressly
8  stated that she worked in the legal department, that she was authorized to accept service of
9  process on behalf of National Semiconductor Corporation, and that she would deliver such
10 documents to Mr. DuShane [*sic*]." (Docket No. 8.)

11     On August 3, 2009, National Semiconductor filed its motion to dismiss for lack of
12 timely and proper service, pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5).
13 National Semiconductor contends that Mr. Kuhn came to its offices at 3689 Kifer Road, Santa
14 Clara, California on July 13, 2009, advised Mr. Frank Sarinana, a receptionist and security
15 guard, that he wanted to deliver some legal papers to National Semiconductor, and, after
16 making a phone call, advised the receptionist that the envelope was for Mr. DuChene.
17 (Declaration of Frank Sarinana ("Sarinana Decl."), ¶¶ 1-3; *see also* Declaration of Steven H.
18 Kuhn in Opposition to Motion to Dismiss ("S. Kuhn Decl."), ¶¶ 3-4.) Mr. Sarinana then called
19 Ms. McAnallen, but he did not advise her what the envelope contained. (*Id.*, ¶ 4.)

20     According to National Semiconductor, Ms. McAnallen is not authorized to accept
21 service on its behalf. (Declaration of Frances McAnallen ("McAnallen Decl."), ¶ 2.) Ms.
22 McAnallen attests that she did not advise Mr. Kuhn that she was authorized to accept service on
23 National Semiconductor's behalf. She also attests that Mr. Kuhn did not say anything of
24 substance to her and merely handed her a manilla envelope labeled "National Semiconductor
25 Corporation." (McAnallen Decl., ¶¶ 3-4; Declaration of Anthony S. Kim ("Kim Decl."), ¶ 11,
26 Ex. 10; Sarinana Decl., ¶¶ 5-6.)

1   The Court shall address additional facts as necessary in the remainder of this Order.[1]

## ANALYSIS

**A.    Bender Did Not Effect Service on National Semiconductor.**

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service can result in dismissal under Rule 12(b)(5). To determine whether service of process is proper, courts look to the requirements of Federal Rule of Civil Procedure 4 ("Rule 4"). A plaintiff bears the burden of demonstrating that service is proper. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(h)(1) requires that a plaintiff serve a domestic or foreign corporation in a judicial district of the United States in one of two ways. The first method allows service to be effectuated in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, states that an individual may be served with process in accordance with the law of the state in which the district court is located or in which service is effectuated. Under California law, a summons may be served on a corporation by delivering a copy of the summons and the complaint "[t]o the person designated as agent for service of process," or "[t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process[.]" Cal. Code Civ. Proc. § 416.10(a), (b).

Under Rule 4(h)(1), the second method allows service to be effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." *Id.* 4(h)(1)(B). In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of

---

[1] National Semiconductor also contends that laches will bar any claims for damages and, in the event the Court denies its motion, requests that all issues other than laches be stayed until that issue is resolved. In light of the Court's ruling on this motion, the Court does not address that issue.

3

1 process." *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688
2 (9th Cir. 1988). Service may be made "'upon a representative so integrated with the
3 organization that he will know what to do with the papers.'" *Id.* (citing *Top Form Mills, Inc. v.*
4 *Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977)).
5 Thus, service on an individual who holds a position that indicates authority within the
6 organization generally is sufficient. *Id.*

7 The determination of whether an individual holds sufficient authority in an organization
8 is largely factual. *Id*. In *Direct Mail*, plaintiff served the receptionist of a small company on its
9 first attempt at service. *Id.* at 687. In that case, the receptionist was the only employee in the
10 office when the process server arrived. *Id.* The process server asked the receptionist who was
11 authorized to accept service on behalf of the company and was told that no one was available.
12 *Id.* The process server then served the receptionist and instructed her to give the documents to
13 her superiors. *Id.* After serving the receptionist, the process server mailed the documents to the
14 company at the address served. *Id.* In that case, the court found that the size of the company
15 and the fact that the receptionist was the only individual available indicated that the receptionist
16 played a large role in the structure of the company and had more than minimal responsibility.
17 *Id.* at 688-89. In addition the court found evidence of actual receipt, because a leader of the
18 company complained about service the day after it was made. *Id.* at 689.

19 Although it is clear that National Semiconductor received copies of the summons and
20 the Amended Complaint, the facts in this case differ from the facts of the *Direct Mail* case.
21 First, unlike the company in *Direct Mail*, National Semiconductor is a large corporation.
22 Second, the facts do not suggest that Ms. McAnallen plays a large role in the overall structure
23 of National Semiconductor. Third, the record is less than clear that Mr. Kuhn actually advised
24 Ms. McAnallen that he was there to effect service on National Semiconductor, and Mr. Sarinana
25 attests that he did not communicate that fact to her.[2] Finally, this was Bender's first attempt to

---

[2] The Court is concerned that it has received two declarations under penalty of perjury that swear to diametrically opposed facts. Someone clearly is not being candid with the Court.

4

serve National Semiconductor, which has a registered agent for service of process. (Kim Decl., Ex. 8.)

Bender relies on *Koninklijke Luchtvaart Maat-Schappij N.V. v. Curtiss-Wright Corp.*, 17 F.R.D. 49 (S.D.N.Y. 1955) to support his argument that he effected proper service on National Semiconductor. In that case, however, the officer of the corporation attested that he had asked his secretary to retrieve the papers from a U.S. Marshal. In addition, after delivering the documents to the officer, the secretary returned to the U.S. Marshal and confirmed they had been delivered. *Id.* at 50-52. There is no such evidence in this case. Looking at the totality of the circumstances and comparing them to the factors present in *Direct Mail*, the Court finds that Ms. McAnallen does not stand "in such a position as to render it fair, reasonable, and just to imply the authority on [her] part to receive service" for National Semiconductor. *Direct Mail*, 840 F.2d at 688. Accordingly, Bender's attempt at service is HEREBY QUASHED.

**B.    Bender Did Not Serve National Semiconductor Within 120 Days.**

Bender filed his original complaint on March 16, 2009. Under Rule 4(m), a plaintiff must serve the summons and complaint upon a defendant within 120 days. In this case, the 120 day period expired on July 14, 2009. *See Rudolph v. UT Starcom*, 2009 WL 248370 at * 2 (N.D. Cal. Feb. 2, 2009) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (120-day time period restarts only as to newly named defendants)). Because Bender's attempt at service on July 13, 2009 was ineffective, he failed to serve National Semiconductor within the 120 days required by Rule 4(m).

If a plaintiff fails to effect service within 120 days, the Court has discretion to either dismiss the action without prejudice or direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). The Court applies a two-step analysis under Rule 4(m). If a plaintiff can show good cause for the defective service, then the court must extend the time period in which to serve the defendant. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1990). In order to demonstrate that good cause exists, a plaintiff may be required to show the following factors: "(1) the party to be served received actual notice of the lawsuit; (2) the

5

defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d at 512.

If there is no good cause for the delay, a court has discretion to dismiss without prejudice or to extend the time period. *Id.* There is no specific test that a court must apply in exercising its discretion. *Id.* Prejudice to either party is one factor that a court may consider, including statute of limitations issues. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004). (determining that district court should have considered prejudice both to defendant and plaintiff when exercising discretion to dismiss). Courts may also look at whether a plaintiff has substantially complied with the service requirements of Rule 4(m). *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (even without good cause, one-day delay in service is sufficient to demonstrate substantial compliance and that dismissal was improper).

There is evidence in the record to suggest that Bender intentionally delayed his efforts to serve National Semiconductor. (Kim Decl, Ex. 5.) However, there is no evidence that National Semiconductor has been, or will be, prejudiced by Bender's untimely service. Further, dismissal without prejudice to refiling may limit the amount of damages, *if any*, Bender could recover. *See* 35 U.S.C. § 286. Thus, even if Bender has not established good cause for an extension, the Court shall exercise its discretion and permit Bender additional time to effect proper service on National Semiconductor.

**CONCLUSION**

For the foregoing reasons, National Semiconductor's motion to dismiss is granted in part. Bender's attempt at service is quashed, and Bender is HEREBY ORDERED to properly serve National Semiconductor by no later than September 23, 2009, and to file proof of such service with the Court by no later than September 30, 2009.

//
//
//
//

6

1  The Court shall not grant any extensions, and if Bender fails to comply with the Court's
2  deadline, this matter shall be dismissed.
3  **IT IS SO ORDERED.**

5  Dated: September 9, 2009

                                                  JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California