**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL SEMICONDUCTOR CORPORATION,<br><br>    Defendant.<br> _____ / | No. C 09-01151 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND GRANTING PLAINTIFF LEAVE TO AMEND** |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Dismiss or for a More Definite Statement filed by Defendant National Semiconductor Corporation ("National Semiconductor"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument, vacates the hearing set for December 11, 2009, GRANTS the motion to dismiss, and GRANTS Plaintiff leave to amend. *See* N.D. Civ. L-R 7-1(b).

**BACKGROUND**

On March 16, 2009, Plaintiff Gregory Bender ("Bender") filed the original complaint in this action, in which he alleges that National Semiconductor infringed United States Patent No. 5,103,188, entitled "Buffered Transconductance Amplifier," ("the '188 Patent").[1] On May 14,

---

[1] The instant case is one of 24 cases Plaintiff has filed in this District alleging infringement of the '188 Patent.

1 2009, Bender filed an Amended Complaint, in which he added further details regarding the

2 alleged acts of infringement. (*Compare* Compl. ¶ 8 *with* Am. Compl. ¶ 8.)

Specifically, Bender alleges, on information and belief, that:

> National Semiconductor has performed acts and performs acts that infringe, and induce others to infringe, one or more of the claims of the '188 Patent (including, without limitation, claims 8-14 and 29-46) by making, using, offering for sale, and/or selling products that consist of, comprise, and/or contain at least one circuit, silicon or otherwise, which contains and/or utilizes at least one buffered transconductance amplifier (commonly known in the analog electronics industries as a "current feedback amplifier," a "high-gain current feedback amplifier," or a "voltage feedback amplifier" as the case may be) and/or by practicing related methods embodying inventions claimed therein, which such products include, without limitation, cell phones, computer equipment, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives, ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof.

(Am. Compl. ¶ 8.)

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

Rule 12(e) provides that "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Moreover, such motions may not be used as a substitute for discovery. *Id.*

**B.    National Semiconductor's Motion is Granted, with Leave to Amend.**

National Semiconductor moves to dismiss the Amended Complaint on the grounds that Bender fails to allege facts sufficient to identify a specific National Semiconductor product that allegedly infringes the '188 Patent and fails to allege facts to support his claim for inducing infringement. National Semiconductor also argues that Bender fails to allege infringing activity within the United States. Bender concedes that he failed to allege infringing activity within the United States, but he contends that the allegations in paragraph 8, set forth above, are sufficient to state a claim. Bender also included a proposed Second Amended Complaint with his opposition, which includes allegations of infringement within the United States, and adds further details to the allegations of infringement.

3

Specifically, in the proposed Second Amended Complaint, Bender alleges that National Semiconductor infringes the '188 Patent by making, using or selling products within the United States that "... contain at least one circuit, silicon or otherwise, which contains and/or utilizes at least one buffered transconductance amplifier...." (Proposed Second Amended Complaint at 3:11-13.) After reciting the same general categories of products in which such circuits can be found as he did in the Amended Complaint, Bender then identifies the National Semiconductor products that are alleged to infringe, which include, without limitation, "amplifiers (i.e., op amps, comparators, differential amps, RF power detectors, variable gain amps, and video amplifier solutions) utilizing buffered transconductance architectures and such National Semiconductor audio data convertor, and interface products which utilize any of such amplifiers or amplifiers with similar architectures, a representative sample list of which products is as follows - LM6152, LM6171, LM7171, LM7272, LMH6553, LMH6609, LMH6643, and LMV225." (*Id.* at 4:1-9.)[2]

Although the Court concludes that the allegations in Plaintiff's first amended complaint are not sufficient to state a claim, it concludes that the proposed amendments are. The Court also finds these allegations are sufficiently specific to permit National Semiconductor to respond to that complaint. *See, e.g., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007); *Advanced Analogic Technologies, Inc. v. Kinetic Technologies*, *Inc.*, 2009 U.S. Dist. LEXIS 57953 at *2-*3 (N.D. Cal. July 8, 2009); *cf. Bender v. Broadcom Corp.* 09-CV-1147-MHP, Docket No. 31 (Memorandum and Order re Defendant's Motion to Dismiss at 6:1-25).

In his proposed Second Amended Complaint, Bender also alleges that National Semiconductor has induced infringement of the '188 Patent "by providing its customers and others with detailed explanations, instructions, and information as to arrangements,

---

[2] National Semiconductor claims that these amendments still fail to state a claim because they do not identify a National Semiconductor *circuit* that is alleged to directly infringe the claims. National Semiconductor also argues that Bender does not identify where the identified amplifiers have been used in circuits in a fashion to either induce or contribute to infringement of the claims of the '188 Patent. The Court cannot make these determinations from a review of the allegations in the Second Amended Complaint and the '188 Patent.

4

1 applications, and uses of its products that promote and demonstrate how to use its products in an
2 infringing manner." (Proposed Second Amended Complaint at 3:2-7.) The Court concludes
3 that although the first amended complaint is insufficient, the proposed amendments state a
4 claim for inducement by alleging that National Semiconductor's customers directly infringe the
5 '188 Patent by using National Semiconductor's products in an infringing manner. *See, e.g.,*
6 *Rambus v. Nvidia Corp.*, 2008 WL 4911165 at *3 (N.D. Cal. Nov. 13, 2008).

## CONCLUSION

For the foregoing reasons, National Semiconductor's motion to dismiss the first amended complaint is GRANTED. However, because the Court finds that the proposed Second Amended Complaint sufficiently states a claim, Bender is granted leave to amend. Bender shall file and serve the Second Amended Complaint within five (5) days of the date of this Order, and Defendant shall file its answer within fourteen (14) days thereafter.

**IT IS SO ORDERED.**

Dated: December 7, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5